Brinkbrhoff, J.
The defendants in error brought suit against the plaintiff in error in the common pleas of Hamilton county, on a promissory note. A judgment having been rendered in that court, the ease was appealed to the district court of that county, where, at- its April term, 1860, the case was tried to a jury, and a verdict had, and judgment rendered for the plaintiffs for the amount of the note, with interest calculated at the rate of ten per cent, per annum.
To the plaintiffs’ petition, claiming judgment for the amount of the note, with interest at the rate of ten per cent., the defendant had answered that the note was executed in the state of Missouri; that, by the laws of that state, six per cent, interest only was allowed to be contracted for; and that, by contracting for a higher rate, the plaintiffs, by the laws of that state, forfeited all interest, and ten per cent, in addition.
On the trial, the principal contest was in regard to the rate and amount of interest legally recoverable; the plaintiffs claiming that, the note was to be regarded as a note made in Santa Ee, New Mexico'; where, it was not denied, contracts for interest at the rate of ten per cent, were authorized by law.
A bill of exceptions was taken and made part of the record, setting out the. evidence in the case, and showing, substantially, this state of facts: In 1848, thé plaintiffs were .employed, as carriers, to transport a stock of goods, for one Town, from western Missouri to Santa Ee, New Mexico. On the arrival of the goods at Santa Ee, Town was unable to pay the freight then earned and due. Plaintiffs agreed with Town to give him a few months time on his indebtedness, provided he would give them good security; and pay ten per cent, interest. At that time, Houghton,'Eolger, and the defendant, Eindlay, were engaged in business at Santa Ee. Town pledged his goods to Houghton and Eindlay for their security, and thereupon Town, Houghton and Eindlay joined in the execution of their note, on time, to plaintiffs for the amount *612 due them. This note not being paid when it fell due, plaintiffs attached the goods of Town; and, in order to settle the matter, plaintiffs agreed to take, at their appraised value, the goods attached, toward the satisfaction of their claim, as far as they would go, and to take the note of Houghton, Eolger, and Eindlay for the balance; and, on the complete execution of the new note, to give up or cancel the first note. This arrangement, however, was necessarily made without the knowledge of defendant, Eindlay; for he was then absent from Santa Ee, having returned to the state of Missouri. Houghton and Eolger thereupon signed the note sued on in this case, and delivered it to one of the plaintiffs, who brought both notes with him to Missouri, where he saw'the defendant, Eindlay, stated to him what had been agreed on and done, received his signature to the new note, and gave up or canceled the old one.
The following is a copy of the note sued on:
“ Santa Eé, August 27, 1849.
“ One day after date, we, or either of us, promise to pay to Jacob Hall and Jonathan Coleord, or to their order, the sum of three thousand one hundred and ninety-six dollars, for value received, negotiable and payable without defalcation or discount, together with interest at the rate of ten per cent, per annum from due.
J. Houghton, Jared W. Eolger, James Eindlay.”
The bill of exceptions shows that the court, charged the jury, among other things, “ That if the plaintiff agreed with Smith D. Town and Joab Houghton, two of the signers of the first note (to which Eindlay was a party), that if they would give him a new note, signed by Houghton and Eolger and Eindlay, that then he would give up the old note ; and if the jury further believe that Town, Hou'ghton and Eolger entered into said agreement in Santa Ee, and Houghton and Eolger signed the new note sued upon at that place, and if afterward Hall brought the new note to Independence, Mis *613 souri, and there stated the agreement truly to the defendant, Eindlay; and if Findlay then ratified the contract and signed the new note, and delivered it to Hall in pursuance of the previous agreement made at Santa Fe, then the whole contract was a Santa Fe contract, and the plaintiff is entitled to recover ten per centum interest.”
“ The court further charged that if the new note made by Findlay was an independent contract, unconnected with any other contract, then it is a Missouri contract, and the plaintiff is entitled, by the laws of Missouri, to recovor but six per centum interest, according to the statute of'Missouri. But the jury may look at the whole facts of the case, and may say whether the defendant regarded it and treated it as a New Mexico contract, and if he did so treat and regard it, then it is a New Mexico contract, and is governed by the laws of New Mexico, and not by the laws of Missouri.”
“ The defendant then asked the court to charge the jury that if the defendant signed and delivered the note to the plaintiff at Independence, in the state of Missouri, it was a Missouri contract, and must be governed by the laws of Missouri; but the court refused; and the court charged as before stated; to which refusal and charge the defendant excepted.”
The defendant then moved for a new trial on the grounds, first, that the court erred in charging the jury; and, secondly, because the verdict was against the law and the evidence. The motion was overruled and the defendant excepted.
The charge of the court as given, its refusal to charge as requested, and the overruling of the motion for a new trial, are assigned for error.
That the law of the place of the contract governs the question as to the rate of interest, is clear enough; and as to this there is no controversy. The problem is, which is the place of the contract — whether New Mexico or Missouri? and this question, we admit, is not free from difficulty; and, in respect to it, the minds of some of the members of the court are not entirely clear.
In view of all the facts of the case, however, we are of *614 opinion that it was a Santa Fe note, and that there was no error in the rulings of the court below.
The primary indebtedness, evidenced by the first note, originated in Santa Fe; the first note, given to secure that indebtedness, was made at Santa Fe, throughout and complete. And it seems to us that the last note was, in substance, but the renewal, in a modified form, of a former security. And, although the signature of the defendant was given in Mis souri, it was given in pursuance of a contract made in Santa Fe, and was a ratification by him of a contract there made by his co-obligors in an instrument to which he was already a party — as the ratification of an advantageous arrangement which they assumed to make for themselves and him in respect to a debt for which he and they were already bound. And we are strengthened in this opinion by the facts, that the arrangement made in Santa Fe was communicated to him prior to his signature in Missouri; and that the note which he signed was dated at Santa Fe, and stipulated on its face for the rate of interest allowed by the laws of New Mexico. Under these circumstances, it seems to us, he must have regarded his signature as the ratification of an agreement assumed to be made by his associates in Santa Fe, for themselves and him, rather than as one made by himself in .Missouri.
Judgment affirmed.
Sutliee, C.J., and Peck, Gholson and Scott, J J., cod .curved.